# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DELONTE GREGORY PARKER,** | * | |
| *Petitioner,* | * | |
| v. | * | Criminal No. PWG 15-454 |
| | * | (Related Civil Action No. PWG 18-946) |
| **UNITED STATES OF AMERICA,** | * | |
| *Respondent.* | * | |

## MEMORANDUM OPINION AND ORDER

On August 19, 2015, a grand jury indicted Defendant Delonte Parker on a charge of conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. *See* ECF No. 1. A superseding information filed on July 26, 2016, broadened his potential liability, charging him with one count of conspiracy to distribute one kilogram of heroin, 21 U.S.C. § 846 ("Count 1"), and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) ("Count 2"). *See* ECF No. 143. Parker pleaded guilty to both counts. *See* Plea Agreement, ECF No. 147. The plea agreement stipulated that a sentence of "not less than 60 months (five years) and not more than 108 months (nine years) imprisonment" was appropriate. *Id.* at 5. The parties did not agree on the quantity of heroin for which Parker was responsible. *See id.* at 4. The Government's position was that Parker was responsible for at least 400 grams but less than 700 grams of heroin, while Parker maintained he was responsible for at least 100 grams but less than 400 grams. *See id.*

1

On January 25, 2017, this Court sentenced Parker to a total of 90 months of imprisonment on Count 1 and 90 months on Count 2, to run concurrently. Judgment 2, ECF No. 217. At the sentencing hearing, this Court found the amount of heroin attributable to Parker was less than 400 grams. *See* Sentencing Hr'g Tr. 76:5–24, ECF 236. Parker subsequently filed an appeal, which the Fourth Circuit dismissed on November 14, 2017. *See United States v. Parker*, 701 F. App'x 282 (4th Cir. 2017) (per curiam).

Parker then filed a motion to vacate pursuant to 28 U.S.C. § 2255 on March 23, 2018. ECF 244. With this motion, Parker seeks to vacate, set aside, or correct his sentence based on ineffective assistance of counsel. *See* Mot. to Vacate, ECF No. 244. He alleges his counsel was ineffective in three ways: (1) counsel informed him, falsely, that he would receive a 60-month sentence, or at most a 71-month sentence, if he accepted the Government's plea deal, (2) counsel advised him to take the Government's plea deal without further investigating his case, and (3) counsel was ineffective during the sentencing phase in failing to object to the Court's findings regarding the weight of the controlled substance. *See* Pet'r's Mem. 3, 5-7, 9, ECF No. 244-1.

The Government opposed Parker's motion, contending that all his claims are meritless and should be denied without a hearing. Opp'n 7, ECF No. 255. Parker filed a response to the Government's motion, reiterating the same arguments he made in his motion to vacate. *See* Pet'r's Reply 2, ECF 264. I have reviewed all of the filings and conclude that a hearing is unnecessary. *See* Loc. R. 105.6.

I.  **DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may seek to vacate, set aside, or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The prisoner must prove his case by a

preponderance of the evidence. *Brown v. United States*, Civil No. DKC–10–2569 & Crim. No. DKC–08–529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013). If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b). Although "a pro se movant is entitled to have his arguments reviewed with appropriate deference," the court may summarily deny the motion without a hearing "if the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief." *Brown*, 2013 WL 4562276, at *5 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978)).

To prevail on a claim of ineffective assistance of counsel as the alleged constitutional violation,

> a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id.* at 689; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992). Furthermore, the petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297. "If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297 (citing *Strickland*, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court may not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhard v. Fretwell*, 506 U.S. 364, 369 (1993)).

*United States v. Lomax*, Civil No. WMN–13–2375 & Crim. No. WMN–10–145, 2014 WL 1340065, at *2 (D. Md. Apr. 2, 2014). The *Strickland* standard applies to "guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "When a petitioner

3

alleges ineffective assistance of counsel following the entry of a guilty plea, he 'must show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Fabian*, 798 F. Supp. 2d 647, 670–71 (D. Md. 2011) (quoting *Hill*, 474 U.S. at 59). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### A. Ineffective Assistance – Advising Parker that He Would Be Sentenced Only to 60-71 Months if He Pleaded Guilty

Parker first contends that his attorney provided ineffective assistance of counsel by telling him -- incorrectly, as it turns out – that he would "get no more than 71 months, and would likely end up with a 60 month sentence." Pet'r's Mem. 5. Parker alleges that his "[c]ounsel's assurances that he would get no more than a 71-month sentence was the motivating factor to the entry of a guilty plea in this case to an amount of heroin that he did not feel he was guilty of, nor did the evidence demonstrate he was guilty of." Pet'r's Reply 2, ECF No. 264.

Parker's arguments are in tension both with the plea agreement he signed and with the record of his Rule 11 colloquy. The plea agreement was clear. In it, the parties stated that they "stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that, regardless of the final applicable guidelines range, a sentence of not less than 60 months (five years) and not more than 108 months (nine years) imprisonment in the custody of the Bureau of Prisons is the appropriate disposition of this case." Plea Agreement 5. At Parker's Rule 11 colloquy, when this Court asked Parker if he had signed the plea agreement and read and understood it before doing so, he said he had. Rearraignment Tr. 7:17-19, ECF No. 235.

The Court went on to discuss with Parker the potential penalties he could incur from his plea agreement:

> THE COURT: As part of this agreement, there's an agreement that you give up the right to appeal and the government gives up the right to appeal. And basically, it means that if I sentence you to at least 60 months, but no more than 108 month[s], then neither you or the government can appeal. If I sentence you to more than that, you can appeal; or less than that, the government can appeal. But otherwise, if I sentence you within that range that I have conditionally agreed upon, neither you nor the government can appeal. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

*Id.* at 23:9-19.

The Fourth Circuit has found that "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields*, 956 F.2d at 1299. If a petitioner "presents no evidence that suggests his representations during his plea were untruthful or involuntary, . . . he is therefore rightly bound by his sworn statements." *Id.*; *see also United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated-'permit[ting] quick disposition of baseless collateral attacks.'" (quoting *Blackledge v. Allison*, 431 U.S. 63, 79 n.19 (1977))). Thus, Parker is bound by the representations he made to the Court as to his understanding of his sentence. *See, e.g.*, *United States v. Palmer*, Civil No. PWG-15-634 & Crim. No. PWG-13-623, 2016 WL 4013919, at *4 (D. Md. July 27, 2016); *United States v. Silla*, Civil No. PWG-15-656 & Crim. No. PWG-11-157, 2016 WL 5844296, at *5-6 (D. Md. Apr. 12, 2016).

Furthermore, even if Parker's counsel had erroneously advised him that he would likely receive a 60-month sentence and would not be sentenced to more than 71 months, the Court's

5

explanation of the range of sentences that could be imposed was sufficient to correct any such misrepresentation. *See United States v. Foster*, 68 F.3d 86, 88-89 (4th Cir. 1995) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." (quoting *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc))). As the trial court properly informed [Parker] of the potential sentence he faced, "he could not be prejudiced by any misinformation his counsel allegedly provided him." *Id.* at 88. Parker, accordingly, has not established that he received ineffective assistance of counsel on this ground. *See Strickland*, 466 U.S. at 687-91.

### B. Ineffective Assistance – Advising Parker to Enter into a Guilty Plea Without Further Investigating His Case

Parker next contends that "[c]ounsel failed to do a proper investigation into the law and facts of Mr. Parker[']s case which resulted in counsel giving Mr. Parker faulty legal advice to enter a plea of guilt to involvement in 100 grams or more of heroin." Pet'r's Mem. 3. Parker argues: "Had counsel done a proper investigation into the case at bar, he would not have been able to ethically advise Mr. Parker to plead guilty . . . to a crime he had not committed." *Id.* at 7.

Again, Parker's own statements in the Rule 11 colloquy belie his argument. During the colloquy, before the Court accepted his guilty plea, Parker affirmed that he had the help of counsel and was "satisfied" with counsel's assistance. Rearraignment Tr. 7.

As I have previously observed, a petitioner is "rightly bound by his sworn statements" when he "presents no evidence that suggests his representations during his plea were untruthful or involuntary." *Fields*, 956 F.2d at 1299. Here, while Parker asserts that his attorney failed to conduct a proper investigation, *see* Pet'r's Mem. 6-7, he has in no way indicated that his statements

6

in the pela colloquy were untruthful or involuntary. If he was unsatisfied with counsel's investigation of his case, he was obliged to say so during his colloquy. *See Fields*, 956 F.2d at 1299; *Silla*, 2016 WL 5844296, at *6.

I note, too, that Parker has not identified specific facts or potential avenues of inquiry that his attorney neglected to investigate that that might have altered the circumstances of his plea. *See Harris v. United States*, Civil No. 03-23-3-V & Crim. No. 06-5-V, 2006 WL 322609, at *5 (W.D.N.C. Feb. 9, 2006) ("Counsel has no duty to conduct an investigation for its own sake in the absence of plausible indications that it might bear fruit."). Without additional evidence that he was unsatisfied with his counsel's investigation or any specific facts that his counsel should have investigated, he is unable to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Consequently, Parker has not established that he received ineffective assistance of counsel on this ground. *See id.* at 687-91.

**C. Ineffective Assistance – Failure to Object to Judicial Factfinding at Sentencing Phase**

Parker's final contention is that his counsel was ineffective at the sentencing phase of this case for failing "to object the District Court[']s fact finding as to the weight of the controlled substance at issue." Pet'r's Mem. 9; *see id.* at 14 ("[C]ounsel should have also objected to the court[']s judicial fact finding as to 400 grams which raised Mr. Parker[']s sentence based on a fact that he did not admit to."); Pet'r's Reply 4-5. Parker argues that the court's fact-finding resulted in a sentence that violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2005), and *United States v. Booker*, 543 U.S. 220 (2005). Pet'r's Mem. 9.

Parker's argument lacks merit for several reasons. First, the Statement of Facts accompanying his plea agreement states that "at least 100 grams of heroin but less than 700 grams

7

of heroin were reasonably foreseeable and within the scope of [Parker's] agreement." Statement of Facts 2, ECF No. 147-1. Parker signed the Statement of Facts and, in so doing, stipulated that the Government "would have proven . . . beyond a reasonable doubt" that the amount of heroin fell within that range. *Id.*

The Court repeated, during the Rule 11 colloquy, that "at least 100 grams of heroin, but less than 700 grams of heroin were reasonably foreseeable and within the scope of the defendant's agreement." Rearraignment Tr. 28. Parker affirmed that this was true and, further, that the government could prove this fact beyond a reasonable doubt. *Id.* at 29. Ultimately, the Court's finding was within this range. In fact, the Court found the amount was at least 100 grams but less than 400 grams, which was precisely the position the defense staked out in the plea agreement. *See* Plea Agreement 4. *See* Sentencing Hr'g Trans. 76:5 –24.

Parker's argument that the Court's fact finding was "in conflict" with *Booker*, *Blakely*, and *Apprendi* is mistaken. As this Court explained in *Coats v. United States*:

> At sentencing, the district court must "begin . . . by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). To do so, "the district court must make relevant factual findings based on the court's view of the preponderance of the evidence." *United States v. Young*, 609 F.3d 348, 356-57 (4th Cir. 2010); *see also United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006). In drug conspiracy cases, one of the necessary findings of fact . . . relates to the quantity of drugs foreseeable to the defendant as part of the conspiracy. *See, e.g.*, *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005); United States v. Vaughn, 430 F.3d 518, 526 (2d Cir. 2005). It is well-settled that sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that range is treated as advisory and falls within the statutory maximum. *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008).

Civil No. RDB-15-910 & Crim. No. RDB-09-333, 2018 WL 1570241, at *11 (D. Md. Mar. 30, 2018).

Here, the mandatory minimum sentence for Count 1 was five years' imprisonment and the maximum sentence was 40 years' imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(B), 846. For Count 2, 18 U.S.C. § 922(g)(1), the maximum sentence was ten years' imprisonment. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The Court's drug-quantity determination did not serve to increase a mandatory minimum sentence, nor did it produce a sentence in excess of the statutory maximum. It therefore did not violate any of the Supreme Court precedents Parker cites. *See United States v. Taylor*, 692 F. App'x 114, 117 (4th Cir. 2017); *United States v. Eccleston*, 615 F. App'x 767, 790-91 (4th Cir. 2015).

For these reasons, Parker has failed to demonstrate that his "counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness," *Lomax*, 2014 WL 1340065, at *2 (citing *Strickland*, 466 U.S. at 687-91). His motion to vacate based on ineffective assistance of counsel with respect to his acceptance of the plea agreement and his subsequent sentence is denied.

## II.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 and 2255 provides that the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *Brown*, 2013 WL 4562276, at *10. This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order," *id.* (quoting *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)), and "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right,'" *id.* (quoting 28 U.S.C. § 2253(c)(2)). A prisoner makes this

showing "[w]here the court denies a petitioner's motion on its merits . . . [and] reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003)). Because Parker has not shown that a reasonable jurist would find the district court's assessment "debatable or wrong," and therefore has not made a substantial showing that his Constitutional rights were denied, this Court will not issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); *Miller-El*, 537 U.S. at 336-38. However, this ruling does not preclude Parker from seeking a certificate of appealability from the Fourth Circuit. *See* 4th Cir. Loc. R. 22(b)(1).

### III. CONCLUSION

For the reasons stated above, Parker's motion to vacate, set aside, or correct the sentence is DENIED.

### ORDER

Accordingly, it is this 30th day of May, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant Delonte Parker's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 255, in Criminal Case No. PWG-15-454 IS DENIED;

2. The Clerk SHALL FILE a copy of this Memorandum Opinion and Order in Criminal Case No. PWG-15-454 and Civil Case No. PWG-18-946;

3. The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Defendant; and

4. The Clerk SHALL CLOSE Civil Case No. PWG-18-946.